# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| VALERIE W. ALEXANDER, | * | |
| | * | |
| Petitioner, | * | 16-1563V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccine; |
| | * | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Wade H. Abed, Knutson & Casey Law Firm, Mankato, MN, for petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 22, 2016, Valerie W. Alexander ("petitioner"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petition ("Pet."), ECF No. 1. the petition alleges that as a result of an influenza ("flu") vaccination received on November 29, 2013, she developed Guillain-Barré syndrome ("GBS").  Pet. at 1-3.

On April 13, 2017, petition filed a motion for a decision dismissing her petition.  Motion ("Mot.") for Decision, ECF No. 11.  The motion provides: "an investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Mot. for Decision at 1.  Petitioner understands that a decision by a special master dismissing her petitioner will result in a judgment against her, which will end all of her rights in the Vaccine Program.  Id.  Petitioner does not intend to file a civil action in the future.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover evidence that petitioner suffered a "Table Injury" and the record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the flu vaccination.

Under the Vaccine Act, petitioner may not be found entitled to compensation based solely on her own claims.  In this case, petitioner alleges that she developed GBS as a result of a flu vaccine.  During the initial status conference on March 15, 2017, the undersigned discussed a number of issues in the case based on the medical records filed to date.  Scheduling Order issued on March 16, 2017, ECF No. 10.  Namely, petitioner received the flu vaccine on November 29, 2013, and did not seek medical attention until September 2014.  Those medical records indicate that the onset of her symptoms was approximately one week earlier, which was approximately 10 months after the vaccination.  This creates a major challenge to petitioner's case.  Furthermore, her affidavit indicating onset "approximately two months" after the vaccination appears inconsistent with multiple records.   Accordingly, the undersigned encouraged petitioner's counsel to give serious consideration as to whether the case should proceed.  Based on an investigation of the facts and the science relevant to her claim, petitioner has concluded that she will be unable to prove that she is entitled to compensation in the Vaccine Program.  Mot. for Decision at 1.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by the November 29, 2014, vaccination.

**Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/**Thomas L. Gowen**
Thomas L. Gowen
Special Master